Filing # 59513252 E-Filed 07/26/2017 09:07:29 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

GINA CORRAO,

        Plaintiff               Case No.: _____

v.

NAVIENT SOLUTIONS, INC.

        Defendant(s)
_____/

## COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiff, GINA CORRAO, by and through the undersigned counsel, and files her Complaint and Jury Demand against the Defendant, NAVIENT SOLUTIONS, INC. ("NAVIENT") and would show:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiff brings the action for statutory damages and actual damages against the Defendant, as well as attorney's fees and the costs of litigation for the Defendant's violations of the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA"), and violations of the Telephone Consumer Practices Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). These laws prevent creditors and debt collectors from *inter alia,* engaging in abusive, unfair and deceptive debt collection practices, as well as regulate the type of telephone equipment organizations may use to contact consumers for debt collection purposes.

Electronically Filed Pasco Case # 2017CA002366CAAXWS 07/26/2017 09:07:29 AM

## JURISDICTION AND VENUE

1. This is an action for money damages in excess of fifteen thousand dollars ($15,000.00) exclusive of costs and attorney's fees.

2. Jurisdiction of this Court arises under 559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3).

3. Venue lies in this district pursuant to 559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3).

4. Venue in this district is proper in that the Defendants conduct business here, and the conduct complained of occurred here.

5. This Court has jurisdiction.

## PARTIES

6. Plaintiff is an individual, a natural person and a "consumer" residing in Pasco County, Florida, who is alleged to owe a debt to Navient.

7. The Defendant, Navient, is a wholly owned subsidiary of Sallie Mae that conducts business in Pinellas County. Its principal business location is 2001 Edmund Halley Drive, Reston, VA 20191-3436.

8. Defendant is engaged in the collection of consumer debts using the telephone, the U.S. Mail, and all other means at its disposal.

9. Defendant is a "debt collector" as defined by the FCCPA.

10. At all times herein, Defendant was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all times herein, the Defendant either acted on its own accord, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTS

12. At one point in time, Plaintiff was alleged to owe a debt to Defendant (the "debt").

13. The debt was incurred for Plaintiff's personal, family and/or household purposes.

14. On April 13, 2017, at approximately 2:10 P.M., during a collection telephone call from Defendant to Plaintiff, the Plaintiff specifically told a representative of Navient, that it did not have her consent to call her on her cellular telephone, the number of which is 727-[redacted]-0659.

15. Despite Plaintiff informing Defendant it did not have her consent to call her cellular telephone, Defendant continued to call her cellular telephone, subsequent to the above conversation, using an auto-dialer to make each telephone call, on May 9, 2017 at approximately 8:41 A.M., May 15, 2017 at approximately 9:23 A.M. and 9:24 A.M., and May 17, 2017 at approximately 9:55 A.M. During each of these calls, the Plaintiff specifically told a representative of Navient that it did not have her consent to call her on her cellular telephone, the number of which is 727-[redacted]-0659

16. Despite Plaintiff informing Defendant it did not have her consent to call her cellular telephone, Defendant continued to call her cellular telephone, subsequent to the above conversation, using an auto-dialer to make each telephone call, in excess of thirty-six times (5/22/17 at 9:00a.m., 12:44p.m., 1:59p.m., 2:46p.m., and 7:04p.m.; 5/23/17 at

10:40a.m., 12:33p.m., 2:24p.m., 4:43p.m., and 5:41p.m.; 5/24/17 at 8:31 a.m., 10:16a.m., 11:14a.m., 12:41p.m., 2:02p.m., and 4:32p.m.; 5/25/17 at 8:35a.m., 10:06a.m., 10:35a.m., and 12:36p.m.; 5/29/17 at 8:52a.m. and 10:36a.m.; 5/30/17 at 8:51a.m., 10:57a.m., 12:20p.m., 1:29p.m., 4:31p.m., and 7:58p.m.; 5/31/17 at 8:39a.m., 10:26a.m., and 2:42p.m.; 6/1/17 at 12:09p.m., 6/5/17 at 4:50p.m., 6/6/17 at 2:03p.m., 6/7/17 at 4:44p.m., and 6/8/17 at 12:09p.m.).

17. On June 8, 2017 at approximately 3:20 p.m., Defendant NAVIENT called the Plaintiff on her cellular telephone. Plaintiff specifically told a NAVIENT representative, that NAVIENT did not have her consent to call her on her cellular telephone, the number 727-[redacted]- 0659.

18. Despite Plaintiff informing Defendant it did not have her consent to call her cellular telephone, Defendant continued to call her cellular telephone, subsequent to the above conversation, using an auto-dialer to make the telephone call, on June 9, 2017 at 4:51 p.m.

19. On June 12, 2017 at approximately 3:56 p.m., Defendant NAVIENT called the Plaintiff on her cellular telephone. Plaintiff specifically told a NAVIENT representative, that NAVIENT did not have her consent to call her on her cellular telephone, the number 727-[redacted]- 0659.

20. Despite Plaintiff informing Defendant it did not have her consent to call her cellular telephone, Defendant continued to call her cellular telephone, subsequent to the above conversation, using an auto-dialer to make each telephone call, in excess of five (5) times (6/13/17 at 4:16p.m., 6/14/17 at 3:21p.m., 6/15/17 at 4:43 p.m., 6/16/17 at 9:57 a.m., and 6/20/17 at 2:47 p.m.). Many additional calls were made to Plaintiff's cellular telephone

which went unanswered and for which a voice message was not left. Calls are continuing to be made through and likely past the date of the Complaint.

21. Each time Defendant called the Plaintiff's cellular telephone, when the Plaintiff would answer the call, there would be a period of silence for several seconds, then a mechanical clicking noise prior to a live person coming onto the line.

22. On several occasions, after the immediately aforementioned period of silence and mechanical clicking noises, the call would be terminated by the calling party without a live person ever coming onto the line.

23. Upon information and belief, the immediately aforementioned characteristics of the telephone calls indicate that Defendant used an automatic telephone dialing system ("auto-dialer") to place the telephone calls each time that it called the Plaintiff's cellular telephone.

24. On several occasions, when the Plaintiff would answer the telephone, a prerecorded message was delivered to her prior to a live human coming on the line.

25. All forty-eight (48) of the aforementioned telephone calls were willfully and knowingly made by Defendant to the Plaintiff's cellular telephone after Defendant was made aware that the Plaintiff did not consent to receiving such calls.

26. The Plaintiff has retained the law firm of Christie D. Arkovich, P.A. for the purpose of pursuing the matter against the Defendant and is obligated to pay her attorneys a reasonable fee for their services.

27. Section 559.77, Fla. Stat. provides for an award of up to $1,000.00 statutory damages, as well as actual damages and an award of attorney's fees to the Plaintiff should the Plaintiff prevail in her matter against the Defendants.

28. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone with an auto-dialer without her express prior consent.

29. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone that delivers a prerecorded message without her express prior consent.

30. In addition, if the Court finds the Defendants willfully and knowingly violated the forgoing section, the court may award treble damages to the Plaintiff for such violations pursuant to 47 U.S.C. § 227 (b)(3).

31. All conditions precedent to the filing of the action have been completed or have been waived.

## CAUSES OF ACTION

## COUNT 1 – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT.

32. This is an action against the Defendant for violations of the FCCPA, Title XXXIII, Chapter 559, Part VI, Florida Statutes.

33. Plaintiff repeats, re-alleges and incorporates paragraphs 1-31 as though fully restated herein.

34. The Defendant unlawfully used an autodialer to call the Plaintiff's cellular telephone on at least forty-eight (48) occasions, without Plaintiff's express consent, while knowing the conduct was prohibited under the TCPA.

35. The immediately aforementioned conduct violated 559.72(7) and 559.72(9), Florida Statutes.

36. As a result of the forgoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2), Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Defendant for:

    a. Damages;

    b. Attorney's fees and the costs of litigation;

    c. A permanent injunction enjoining Defendant from engaging in the complained-of practices; and

    d. Such other or further relief as the Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. This is an action against the Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

38. Plaintiff repeats, re-alleges and incorporates paragraphs 1-31 as though fully restated herein.

39. Defendant, in the conduct of its business, used an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the Plaintiff's cellular telephone.

40. Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

41. Defendant is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone, in excess of forty-eight (48) times, without her prior express consent.

42. Defendant is subject to, and has violated the TCPA by delivering prerecorded messages to the Plaintiff's cellular telephone without her prior express consent.

43. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA, after the Plaintiff had specifically told the Defendant that it did not have her consent to call her on her cellular telephone.

44. Defendant harassed Plaintiff by incessantly calling or texting Plaintiff's cellular telephone.

45. Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time, causing untimely, constant interruptions and distractions, and depleted the battery life on Plaintiff's cellular telephone.

46. Defendant's phone calls harmed Plaintiff by using minutes or texting data allocated to Plaintiff's cellular telephone service provider and may have also used storage space on Plaintiff's phone.

47. The repeated phone calls (including the time of day and pattern) harmed Plaintiff by intruding upon Plaintiff's seclusion and invading Plaintiff's privacy.

48. The repeated phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

49. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call and determined that banning such calls made without consent was the only effective means of protecting telephone consumers from the nuisance and privacy invasion."

50. Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent – a "nuisance and invasion of privacy".

51. As a direct and approximate result of Defendant's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of the matter, along with other damages which have been lost.

52. As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

53. Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, the Plaintiff respectfully requests the Court enter judgment in her favor and against the Defendant for:

a. $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

b. Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

c. Costs of litigation, and;

d. Such other or further equitable relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Please take notice that the Plaintiff respectfully demands trial by jury on all issues so triable.

Dated this 26th day of July, 2017.

Respectfully Submitted:

*/s/ Christie D. Arkovich*
Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 482115
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
Attorneys for Plaintiff